**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 14-6086**

―――――――――

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

QUENTIN DAWAN HAYES,

             Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:10-cr-00941-RBH-2; 4:13-cv-02832-RBH)

―――――――――

Submitted:  March 27, 2014          Decided:  April 1, 2014

―――――――――

Before MOTZ, Circuit Judge, and HAMILTON and DAVIS, Senior
Circuit Judges.

―――――――――

Remanded by unpublished per curiam opinion.

―――――――――

Quentin Dawan Hayes, Appellant Pro Se.  Alfred William Walker
Bethea, Jr., Assistant United States Attorney, Florence, South
Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quentin Dawan Hayes seeks to appeal the district court's order dismissing his 28 U.S.C. § 2255 (2012) motion. Parties in a civil action in which the United States or an officer or agency of the federal government is a party are accorded sixty days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(B). This time period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (internal quotation marks omitted); see also Bowles v. Russell, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").

Because Hayes is incarcerated, the notice of appeal is considered filed on the date it was properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266 (1988). The record does not conclusively reveal when Hayes delivered the notice of appeal to prison officials for mailing. Accordingly, we remand the case for the limited purpose of allowing the district court to obtain this information from the parties and to determine whether the filing was timely under Fed. R. App. P. 4(c)(1) and Houston v. Lack. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED

2